UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GCCFC 2005-GG5 HEGENBERGER RETAIL LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE A. ARCE, et al.,<br><br>Defendants. | Case No. 17-cv-03854-SI<br><br>**ORDER GRANTING MOTION TO STRIKE WITH LEAVE TO AMEND EQUITABLE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 53 |

Plaintiff's motion to strike defendants' affirmative defenses, Dkt. No. 53, came on for hearing before this Court on Friday, May 11, 2018. Having considered the papers submitted, and the arguments of counsel, the motion to strike is GRANTED with leave to amend for the reasons set out below. Any amended answer must be filed no later than June 21, 2018.

**BACKGROUND**

Plaintiff GCCFC 2005-GG5 Hegenberger Retail Limited Partnership filed this breach of guaranty action against defendants George Arce, Raquel Remedios, and Leslie Tuttle on July 7, 2017. Complaint (Dkt. No. 1); *see also* First Amended Compl. ("FAC") (Dkt. No. 17).

Plaintiff alleges that defendants guaranteed, upon certain events, to pay the amount due under a $10,500,000 Note issued to nonparty borrowers Kera Oakland and Arce Oakland ("Borrowers"). Events triggering the guarantee included the Borrowers' filing of voluntary bankruptcy petitions and failure to pay amounts due under the note.

According to plaintiff, the borrowers stopped making payments on the loan in or around October 2012. On July 8, 2013, each filed separate voluntary Chapter 11 bankruptcy petitions. According to plaintiff, these events triggered defendants' liability under the guaranty contract.

1 Plaintiff alleges that defendants have not paid what is due under the note.

On September 8, 2017, defendants filed a motion to dismiss the complaint, Dkt. No. 22, which was denied. On February 27, 2018, defendants filed their respective Answers to the Complaint. Defendant Arce asserts four affirmative defenses: (1) statute of limitations; (2) unclean hands: (3) failure to mitigate; and (4) unenforceability. Defendants Remedios and Tuttle assert ten affirmative defenses: (1) failure to state facts; (2) statute of limitations; (3) waiver; (4) estoppel; (5) unclean hands; (6) laches; (7) mitigation of damages; (8) cancellation; (9) novation, and (10) modification.

Plaintiff now moves to strike defendants' affirmative defenses on the grounds that defendants waived their affirmative defenses under the plain language of the guaranty. Plaintiff asks the Court strike the affirmative defenses with prejudice.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). However, motions to strike are generally disfavored. *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

**DISCUSSION**

Plaintiff argues that the Court should strike defendants' affirmative defenses because: (1) defendants waived their affirmative defenses under the plain language of the guaranty which "absolutely, unconditionally, and irrevocably" guarantees prompt payment of the Note issued to

2

Kera Oakland, LLC and Arce Oakland, LLC; and (2) defendants' affirmative defenses are insufficient based on the *Iqbal* and *Twombly* standard.

Defendants argue their affirmative defenses should not be stricken because the language of the guaranty is vague. In addition, defendants argue that equitable defenses cannot be waived if it would result in the lender's unjust enrichment. Furthermore, defendants Remedios and Tuttle argue the Discounted Payoff Agreement ("DPO"), dated December 22, 2015, changed the definition of Guarantor from all three Defendants to Defendant Arce.[1]

California Civil Code section 2856 lists the rights and defenses that may be waived by a guarantor. Section 2856(b) requires that a waiver provision "express[] an intent to waive" any or all of the guarantor's rights and defenses. Section 2856(b) does not require the use of any particular language, phrases, or legal references for valid waiver. Further, section 2856 was enacted to ameliorate the explicit language requirements for a guarantor's waiver established by *Cathay Bank v. Lee*, 14 Cal. App. 4th 1533 (1993). *River Bank America v. Diller*, 38 Cal. App. 4th 1400, 1418 (1995); *WRI Opportunity Loans II LLC v. Cooper*, 154 Cal. App. 4th 525, 544 (2007). Thus, the use of broad language may be sufficient to constitute a valid waiver.

However, "[p]ublic policy requires us to read Civil Code section 2856 in a manner that prevents one party from capitalizing upon its own fraud or willful misconduct. (See Civ. Code, §§ 1667, 1668.)" *California Bank & Trust v. DelPonti*, 232 Cal. App. 4th 162, 168 (2014). Thus, this Court agrees with the ruling in *DelPonti* which states:

> A guarantor's waiver of defenses is limited to legal and statutory defenses expressly set out in the agreement. A waiver of statutory defenses is not deemed to waive all defenses, especially equitable defenses, such as unclean hands, where to enforce the guaranty would allow a lender to profit by its own fraudulent conduct.

232 Cal. App. 4th 162, 167. Based on Section 2856 and the ruling in *DelPonti*, this Court interprets "expressly set out in the agreement" to mean express intent rather than express statutory

---

[1] The parties dispute the meaning and consequence of the DPO. However, it does not appear in the record at the location identified by defendants. (Dkt. 48, p. 7: "See Am'd Compl. Ex 5, p. 1, para. 1")

3

language.[2] Therefore, broad language which provides the express intent to waive affirmative defenses is a valid waiver of those affirmative defenses.

Here, the language in the guaranty "absolutely, unconditionally, and irrevocably" guarantees prompt payment of the note. In accordance with section 2856, the "Guarantor also waives any right or defense based upon an election of remedies by Lender." Although the language is broad, it expresses a strong intent to waive the guarantor's rights and defenses in accordance with section 2856(b). Thus, Defendants waived their statutory and legal affirmative defenses. However, given the claims regarding bad faith and unjust enrichment in defendants' oppositions, defendants' equitable affirmative defenses are not waived.

However, defendant's affirmative defenses must contain sufficient factual matter to state a defense that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Here, defendants' affirmative defenses contain insufficient factual support to be "plausible on [their] face." Accordingly, the Court grants plaintiff's motion to strike. However, "where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party." *Wyshak v. City Nat. Bank*, 607 F.2d, 824, 826 (1979); *see* Fed. R. Civ. P. 15(a)(2). Here, there is no prejudice to the moving party given the early stage of this case and the material nature of defendants' claims. Therefore, the Court grants defendants leave to amend their equitable affirmative defenses, namely: estoppel, unclean hands, laches, and failure to mitigate.

///

///

---

[2] *See FNBN Rescon I, LLC v. Citrus El Dorado, LLC*, No. 16-55604, 2018 WL 654165 (9th Cir. 2018).

4

## CONCLUSION

Plaintiff's motion to strike defendants' affirmative defenses is GRANTED.  Defendants are given leave to amend the following equitable affirmative defenses: estoppel, unclean hands, laches, and failure to mitigate.  Any amended answer must be filed no later than June 21, 2018.

**IT IS SO ORDERED**.

Dated: May 24, 2018

_____
SUSAN ILLSTON
United States District Judge